LAND, J.
The relator was charged on affidavit, made on August 22, 1911, before the Honorable T. F. Bell, judge of the First judicial court in and for the parish of Caddo, with keeping a grog and tippling shop and retailing spirituous and intoxicating liquors in said parish without previously obtaining a license from the police jury of the parish *331 of Caddo. The relator was arrested and incarcerated under a warrant and mittimus issued on the same date by the judge of said district court.
Relator, through counsel, demanded that the acting district attorney transfer the case for trial at once to the city court of the city of Shreveport, for reasons substantially as follows:
That the said district court was in vacation and would not reconvene until some time in October of the present year; that the relator was in jail, unable to give a bail bond, and was entitled to a speedy trial under the Constitution of the state of Louisiana; and that the city court of the city of Shreveport had jurisdiction to try the case under the Constitution and statutes of this state. The said acting district attorney refused to transfer the ease as demanded, and thereupon the relator applied to the Supreme Court for a writ of mandamus to compel him to do so.
In answer to a rule nisi, the respondent objects to the granting of the writ on the following grounds:
That it does not appear that the offense charged was committed within the territorial jurisdiction of the said city court.
That the district court, being vested with jurisdiction, alone has the right to try the case.
That if the district court and the city court have concurrent jurisdiction, it was discretional with the prosecuting officer to lodge the affidavit in either tribunal as a basis for an information, and that this discretion cannot be controlled by mandamus, and that the speedy trial to which the relator is entitled is one in the district court according to law.
As the petition of the relator alleges jurisdiction in the city court, and there is nothing in the record to the contrary, it may be presumed that the offense was committed within the territorial jurisdiction of said court. There is no denial of jurisdiction in the district court; and therefore it may be taken for granted that the two courts have concurrent jurisdiction of the offense. But these two courts are distinct and separate tribunals, and the district court has appellate jurisdiction over the city court. There is no statute that provides for the transfer of misdemeanor eases from the district court to the city court. In the absence of such a statute, no duty can rest on the district attorney to make the transfer demanded by the relat- or.
The alleged hardship of this particular ease would not justify this court in judicial legislation on the subject-matter.
It is, therefore, ordered that the preliminary writ herein issued be recalled, and that relator’s application be dismissed, with costs.